UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-05738 JAK (MRW) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Brian Kennedy v. United States Liability Insurance Company, et al. | | |

Present: The Honorable  JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE

| T. Jackson-Terrell | |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Christopher J. Heck | Jennifer Y. Sacro |

Proceedings:   (IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 13)   JS-6

### I.  Introduction

On July 29, 2020, Brian Kennedy ("Kennedy" or "Plaintiff") filed this action in the Los Angeles Superior Court against United States Liability Insurance Company, Inc. ("USLI") and Schifrin Gagnon & Dickey, Inc. ("SGD," or together with USLI, "Defendants"). Dkt. 1-1 at Ex. 2 (the "Complaint"). The Complaint advanced three causes of action against USLI: (1) declaratory relief as to insurance coverage; (2) breach of contract; and (3) breach of the covenant of good faith and fair dealing. *Id.* The Complaint advanced a single cause of action against SGD -- negligent misrepresentation. *Id.*

On August 12, 2022, USLI removed the action on the basis of diversity jurisdiction. Dkt. 1. On September 12, 2022, Kennedy moved to remand the action. Dkt. 13 (the "Motion"). On September 26, 2022, USLI opposed Kennedy's motion. Dkt. 15 (the "Opposition"). On October 3, 2022, Kennedy filed a reply brief in support of the Motion. Dkt. 16 (the "Reply").

A hearing on the Motion was held on November 21, 2022, and it was taken **UNDER SUBMISSION**. For the reasons stated in this Order, the Motion is **GRANTED**. The action is remanded to the Los Angeles Superior Court.

### II.  Factual Background

It is alleged that Plaintiff owned certain commercial real property in Van Nuys, CA 91406. Complaint at 18. It is alleged that the property was leased to an automobile dealership, but that it vacated the property in or about August 2019. *Id.* at 19. Plaintiff alleges that, because of concern that the vacant property could be vandalized or otherwise damaged by an unlawful entry, he obtained insurance coverage (the "Policy") from USLI for "direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss." *Id.*

The Complaint alleges that, during the term of the Policy, someone unlawfully entered the property and caused damages to it. *Id.* at 19-20. Plaintiff obtained estimates for the necessary repairs that totaled more than $1.5 million. *Id.* at 20. After the incident, it is alleged that Plaintiff timely made a claim to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-05738 JAK (MRW) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Brian Kennedy v. United States Liability Insurance Company, et al. | | |

USLI, which acknowledged receipt around December 30, 2019. *Id.*

USLI hired SGD as an independent loss adjuster in connection with the claim. *Id.* Plaintiff then provided photographs of the damaged areas of the property as well as copies of the estimates to repair it to both USLI and SGD. *Id.* It is alleged that Dorcey, an employee of SGD, inspected the property, but declined to inspect certain areas due to the presence of biohazardous waste. *Id.* SGD requested that Plaintiff arrange to have these areas cleaned so that they could be inspected. *Id.* Plaintiff spent $5500 on that process. *Id.*

Prior to the second inspection, USLI paid $48,509.40 to Plaintiff for the "undisputed" loss at the property, but stated that certain claimed costs were not covered under the Policy due to its exclusions for "Asbestos Material," "Lead Contamination," "Absolute Pollution," and "Mold, Fungus, Bacteria, Virus or Organic Pathogen." *Id.* at 20-21. It is alleged that, on February 6, 2020, Berardi and Carlson, who were associates of Plaintiff, spoke to Dorcey, who told them "that this was only a preliminary estimate and a preliminary step in the process, and that she would be re-inspecting the Property once the cleanup she had specified was complete, at which point USLI[] would complete its coverage analysis and issue a further payment." *Id.* at 21.

On February 15, 2020, Dorcey conducted the second inspection. *Id.* A letter from Dorcey to Plaintiff and Berardi, which was dated February 21, 2020, stated that she had "reported regarding the additional inspection and forwarded a revised estimate for the insurance carrier's consideration." *Id.* The letter also stated that Plaintiff and Berardi "will be contacted directly by the insurance examiner regarding the resolution of this claim." *Id.* Plaintiff alleges that he relied on these statements about USLI. *Id.* Plaintiff did not arrange for any repairs to the property pending further communication from USLI. *Id.*

It is alleged that USLI declined to renew the policy on February 24, 2020. *Id.* at 22. It is alleged that Berardi followed up with Dorcey in May 2020. *Id.* On May 15, 2020, Berardi received an e-mail from another SGD employee stating that Plaintiff's "claim has been paid and closed." *Id.* As part of its communications with Plaintiff about no further payments, USLI stated that the Policy did not cover either the loss of copper, or damage resulting from the theft or attempted theft of copper, which were allegedly components of Plaintiff's claim. Dkt. 1-10 at 173-74. USLI claims that, in the application for the Policy, Plaintiff stated that the plumbing in the property was made of copper. Dkt. 1-10 at 171.

Plaintiff's negligent misrepresentation claim against SGD is based on its alleged statements "that Plaintiff needed to clean the Property before the Property could be inspected and before Plaintiff's loss could be adjusted." Dkt. 1-1 at 27. This claim is also based on SGD's alleged statements that "its initial estimate of the loss was preliminary, that the loss would be revised, and that USLI[] would be in contact with Plaintiff when it reached a final resolution of the claim." *Id.*

USLI was served with the Complaint on August 14, 2020, and SGD was served on August 17, 2020. *Id.* at 147, 151. Both filed timely answers on September 30, 2020. *Id.* at 178-95. Discovery then proceeded. Defendants filed their first sets of discovery requests on January 21, 2021. Dkts. 14-1, 14-2. Plaintiff filed his first sets of discovery requests on January 29, 2021. Dkt. 14-3.

On November 8, 2021, USLI moved to compel further discovery responses from Plaintiff. Dkt. 1-1 at 247. USLI argued that Plaintiff had failed to produce documents relating to a fire that occurred on or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-05738 JAK (MRW) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Brian Kennedy v. United States Liability Insurance Company, et al. | | |

about December 18, 2020, as well as those that reflected communications between Plaintiff and prospective insurers. *Id.* at 252-54. USLI argued that Plaintiff had failed to produce certain documents for more than six months. *Id.* at 254. USLI also objected to Plaintiff's position that the definition of the term "incident" in its interrogatories was vague and ambiguous. *Id.* at 255-56. It was alleged that Plaintiff also provided inconsistent responses regarding the amount of his claim for lost rental income. *Id.* at 256-57.

As a result of these discovery disputes, the Superior Court ordered the parties to participate in an informal discovery conference. Dkt. 1-2 at 87. They did so in January 2022. At the informal discovery conference, Plaintiff agreed to produce additional documents by January 31, 2022, the parties agreed to a protective order, and USLI agreed to produce unredacted documents by January 31, 2022. *Id.* at 124.

Another discovery dispute arose later in 2022. USLI again sought an informal discovery conference. *Id.* at 141. USLI claimed that, at Berardi's deposition, he testified that certain documents responsive to Defendants' initial discovery requests had not been produced. *Id.* at 141-42. They included a copy of a citation from the City of Los Angeles regarding the condition of the property. *Id.* at 200. They also included draft lease agreements exchanged regarding the property, emails regarding monthly rental amounts, and communications with prospective tenants. *Id.* at 201. Berardi also testified about a potential communication with an insurance broker regarding other insurance companies who had declined to insure the property. *Id.* USLI argued that no corresponding documents were produced. It also claimed that text messages between Berardi and Carlson regarding Plaintiff's claim were not produced. *Id.* It also claimed that photographs of the fire damage were not produced. *Id.* at 202.

Another dispute arose concerning the instructions by Plaintiff's counsel during the deposition of Berardi that he not answer certain questions. *Id.* at 142. Those questions concerned whether Plaintiff incurred unreimbursed costs for debris removal and cleanup, whether Berardi was aware of certain provisions in the insurance policy, whether Berardi had any more information that would support the allegation that USLI's denial of his claim was unreasonable and in bad faith, whether the alleged losses were caused by USLI's denial of his claim, and whether Berardi knew whether Plaintiff was unable to rent or otherwise use the premises. *Id.* at 170-76. USLI claimed that, two days prior to Plaintiff's deposition, Plaintiff's counsel informed Defendants that Plaintiff would not appear and offered no alternative dates. *Id.* at 142.

The Superior Court determined that Plaintiff had not "show[n] a good faith effort to meet and confer to resolve discovery disputes, especially because trial is in less than five months, by which time this case will be more than two years old." *Id.* at 181. "Because Plaintiff is not participating in efforts to resolve discovery disputes efficiently and informally," the court took the informal discovery conference off calendar and permitted USLI to file its motion to compel discovery. *Id.* USLI did so. *Id.* at 190. The Superior Court later granted the motion to compel, but denied each party's request for sanctions. *Id.* at 477-78. The Superior Court did not find that Berardi had responsive documents that had not been produced, but that he may have had responsive documents. Dkt. 14-5 at 6-7. The Superior Court urged the parties to work collaboratively as to the dispute concerning any additional documents in Berardi's possession. *Id.* at 7.

On May 20, 2022, and May 23, 2022, Plaintiff's counsel produced additional documents on behalf of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-05738 JAK (MRW) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Brian Kennedy v. United States Liability Insurance Company, et al. | | |

Berardi. Dkt. 14 at 4. On May 23, 2022, Berardi's deposition was resumed and completed. *Id.*

On May 24, 2022, USLI moved for summary judgment. Dkt. 1-3. The next day, SGD also moved for summary judgment. Dkt. 1-9. SGD argued that it did not misrepresent that cleanup was necessary prior to a further inspection, because it was undisputed that large quantities of human feces were present in the bathrooms of the property during the January 3, 2020 site inspection. *Id.* at 22-24. SGD also argued that it did not misrepresent that SGD would conduct a second site investigation and the loss assessment, because SGD did conduct a second site investigation and a further payment to Plaintiff was made thereafter. *Id.* at 24. SGD also argued that the alleged misrepresentations were promises to take action in the future and that such an alleged false promise can only support an intentional misrepresentation claim, not one for negligent misrepresentation. *Id.* at 25. SGD also argued that Plaintiff could not claim damages arising out of a December 2020 fire because Plaintiff did not own the property at that time. *Id.* at 25-26.

SGD provided evidence to support its motion. This included that Plaintiff testified that Berardi and Carlson communicated with SGD on his behalf. Dkt. 1-6 at 152, 358-59. Carlson testified that "the first time [Dorcey came] she couldn't get into the bathrooms or didn't want to go in there because it smelled so bad and all of the yuck that was in there." *Id.* at 342. Carlson also confirmed that Dorcey performed a second inspection at the property after the initial estimate was prepared. *Id.* at 347. Plaintiff never contested that the bathrooms at the property contained human feces, that Dorcey did return for a second inspection, that Dorcey prepared a supplemental adjustment of the loss, and that USLI made a supplemental payment based on that adjustment. Dkt. 1-10 at 351-66.

In support of the claims against SGD, Plaintiff offered a February 21, 2020 letter from Dorsey to Plaintiff and Berardi, which stated that they "will be contacted directly by the insurance examiner regarding the resolution of this claim." Dkt. 14-7 at 2. Dorcey later confirmed that this statement suggested that Berry, an employee of USLI, would contact Plaintiff. Dkt. 14-9 at 4. Plaintiff also offered an e-mail sent the same day from Berry to Dorcey, which directed Dorcey to "contact the insured to share and explain your estimate." Dkt. 14-8 at 2. Berry testified that he "assumed that she would have completed that task." Dkt. 14-10 at 4. Plaintiff alleges that Dorcey's error supports the negligent misrepresentation claim.

On July 6, 2022, USLI also moved for the exclusion of certain issues and evidence, as well as monetary sanctions against Plaintiff. Dkt. 1-9 at 241. USLI argued that Berardi failed to comply with a court order compelling production of documents. *Id.* at 252. USLI claimed that Berardi did not search his archived e-mail messages for correspondence with Carlson, did not produce invoices from Allied Nationwide about security services for the property, and did not produce documents regarding the prospective lease of the property to another tenant. *Id.* at 252-54. This motion was never resolved by the Superior Court prior to the removal of the action. Dkt. 1-11 at 229.

Plaintiff filed his opposition to USLI's motion for summary judgment on July 19, 2022, and the opposition to SGD's motion for summary judgment on July 21, 2022. Dkt. 1-10. USLI's reply and SGD's reply in support of their motions for summary judgment were filed on July 28 and July 29, respectively. Dkt. 1-11.

On August 2, 2022, a hearing was held on USLI's motion for summary judgment, and it was denied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-05738 JAK (MRW) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Brian Kennedy v. United States Liability Insurance Company, et al. | | |

Dkt. 1-11 at 163. At the hearing, the Superior Court stated that USLI's "motion borders on . . . unreasonable in terms of this copper exclusion and its application to this set of facts." Dkt. 14-14 at 11. It also stated that "[t]here's just nothing in the record that even comes close to proving . . . that all of the damage that you left unpaid is the result of copper theft[.]" *Id.* at 7-8. The Superior Court also stated that Dorcey's conclusions regarding whether the damage was caused by theft or vandalism were "nothing but rank speculation." *Id.* at 9.

On August 3, 2022, after the Superior Court issued a tentative ruling on SGD's motion for summary judgment, Plaintiff gave notice that he intended to argue certain additional authorities not previously cited. Dkt. 1-11 at 175. SGD objected. Dkt. 1-11 at 216.

On August 4, 2022, a hearing was held on SGD's motion for summary judgment. Dkt. 1-11 at 221. The Superior Court stated a tentative ruling to grant the motion, indicating that it was not persuaded by Plaintiff's arguments at the hearing but calling for supplemental briefing on the additional authorities cited by Plaintiff. *Id.*; Dkt. 14-15 at 12-13. This action was removed before that briefing was filed.

On August 12, 2022, USLI filed its notice of removal. Dkt. 1. On August 22, 2022, the parties appeared in state court for a trial setting conference and all matters were taken off calendar in light of the notice of removal. Dkt. 14 at 7.

**III.    Analysis**

    **A.    Legal Standards**

        **1.    Motion to Remand**

A motion to remand is the vehicle used to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009); *see* 28 U.S.C. § 1447(c). In general, a state civil action may be removed only if, at the time of removal, it is one over which there is federal jurisdiction. *See* 28 U.S.C. § 1441.

Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441. Complete diversity of citizenship is required, *i.e.*, "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

When a matter is removed based on a claim of diversity jurisdiction, the removing party has the burden of showing that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.' " *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648-49 (9th Cir. 2016)). Where it is unclear "from the face of the complaint whether the amount in controversy exceeds $75,000, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-05738 JAK (MRW) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Brian Kennedy v. United States Liability Insurance Company, et al. | | |

the jurisdictional threshold." *Chavez*, 888 F.3d at 416 (internal quotation marks and citations omitted).

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). The removing party has the burden to establish that it was proper to do so. *Id.* "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't. Remediation, L.L.C. v. Dep't of Health & Env't. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

      2.      <u>Fraudulent Joinder</u>

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.' " *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.' " *Id.* (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

This standard imposes a "heavy burden" on the party asserting fraudulent joinder. *Hunter*, 582 F.3d at 1046. Although the test is similar to the one that applies under Fed R. Civ. P. 12(b)(6), the Ninth Circuit has explained that it is more appropriately compared to the "wholly insubstantial and frivolous" standard for dismissing claims for lack of federal question jurisdiction. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 549 (9th Cir. 2018) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). *See also Davis v. Prentiss Props. Ltd., Inc.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) ("[A] federal court's fraudulent-joinder consideration should be akin to an application of Rule 11.").

Under this stringent standard, the plaintiff's failure to state a claim must be "obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (citation omitted). Furthermore, the district court "must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend." *Grancare, LLC*, 889 F.3d at 550. *See also Arteaga v. FCA US LLC*, No. CV 20-2702-DMG (PJWx), 2020 WL 2857488, at *2 (C.D. Cal. Jun. 2, 2020) (district court evaluating case removed from California state court should consider "California's liberal amendment standard"); *Ontiveros v. Michaels Stores, Inc.*, No. CV 12–09437 MMM (FMOx), 2013 WL 815975, at *4-5 (C.D. Cal. Mar. 5, 2013) ("Essentially, defendants must show that plaintiff cannot assert a claim against the non-diverse party as a matter of law . . . the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies.").

Although the defendant asserting federal jurisdiction "is entitled to present the facts showing the joinder to be fraudulent[,]" *McCabe*, 811 F.2d at 1339, the Ninth Circuit has explained that
the fraudulent joinder inquiry should not turn on the resolution of complex factual disputes. Rather, "a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Allen v. Boeing Co.*, 784 F.3d 625, 634 (9th Cir. 2015) (quoting *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573-74 (5th Cir. 2004) (en banc)). Thus, "the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden." *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-05738 JAK (MRW) | Date | January 12, 2023 |
| Title | Brian Kennedy v. United States Liability Insurance Company, et al. | | |

      3.      <u>Timeliness of Removal</u>

A defendant's notice of removal must be filed either "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Even so, "[a] case may not be removed [on diversity grounds] more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." *Id.* § 1446(c)(1).

      B.      Application

It is undisputed that Kennedy is a California citizen and that USLI is a Pennsylvania corporation whose principal place of business outside the state of California. It is also undisputed that SGD is a California corporation. Consequently, with SGD as a party, there is not complete diversity. Therefore, the issue is whether SGD was fraudulently joined. There is no issue that the amount in controversy exceeds $75,000. *See* Dkt. 1-1 at 20. USLI contends that its notice of removal was timely; Plaintiff disagrees. Plaintiff also seeks an award of fees and costs incurred in bringing the Motion.

      1.      <u>Whether SGD Was Fraudulently Joined</u>

SGD was not fraudulently joined. Plaintiff argues that he stated a cause of action against SGD, and USLI concedes that Plaintiff asserted a "technically viable claim" for negligent misrepresentation. Dkt. 15 at 25. This concession is significant. Although the fraudulent-joinder inquiry looks beyond the pleadings, only a summary inquiry is appropriate.

USLI has not met its burden of proving fraudulent joinder. Plaintiff's claim against SGD alleges two negligent misrepresentations, neither of which is clearly precluded. As to the first alleged misrepresentation, USLI argues that there can be no dispute that the property had to be cleaned before the inspection could be concluded. Plaintiff never disputed that human feces were present in several interior offices and on the bathroom floors. Dkt. 1-10 at 534. Nor did Plaintiff dispute that the bathrooms were dark and some of the bathroom tiles were cracked. *Id.* However, Plaintiff also argued that SGD performed a "sham inspection process that would permit USLI to adjudge almost none of the plaintiff's losses covered." *Id.* Thus, Plaintiff alleges that the outcome of the adjustment would not have changed even after a further inspection. Ultimately, Plaintiff did not gather substantial evidence to support this contention. However, this does not show that the claim was a sham when advanced. This portion of Plaintiff's claim required comprehensive discovery about the condition of the property and SGD's intentions while investigating the claim.

As to the second alleged misrepresentation, USLI argues that it fails because Plaintiff had no competent evidence that USLI had not paid all insurance benefits due, and responded promptly to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-05738 JAK (MRW) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Brian Kennedy v. United States Liability Insurance Company, et al. | | |

Plaintiff's inquiries. However, the Superior Court concluded that there is a triable issue of fact as to whether USLI owes additional insurance benefits to Plaintiff. Even if there were no triable issue as to the claims against USLI, that it paid certain additional amounts after the second inspection does not preclude the claim that Plaintiff relied on an alleged statement that USLI would contact Plaintiff once his claim was finally resolved.

Nor is it apparent that Plaintiff could not recover for the second alleged misrepresentation because it was not a statement of past or present fact. A statement about what someone will do in the future cannot be the basis for a claim of negligent misrepresentation. However, California law recognizes that "predictions or representations as to what will happen in the future are normally treated as opinion; but sometimes they may be interpreted as implying knowledge of facts that make the predictions probable." *Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 893 (2013) (quoting 5 Witkin, Summary of California Law (10th ed. 2005) Torts § 776. SGD's alleged statement that USLI would contact Plaintiff when his claim was finally resolved could be deemed a statement that USLI had not yet determined what amount it would pay on Plaintiff's claim. This could be deemed a statement of present fact rather than a promise of future performance.

USLI argues that *Feizbakhsh v. Travelers Commer. Ins. Co.*, No. LA CV16-02165 JAK (Ex), 2016 WL 8732296 (C.D. Cal. Sept. 9, 2016) is persuasive on this issue. There, the insureds brought an action against the insurer who had provided homeowner's coverage, and was not a California citizen, as well as the insurer's claims adjuster, who was a California citizen. *Id.* at *4. It was determined that the adjuster had been fraudulently joined because a review of the relevant correspondence plainly showed that the alleged misrepresentations had not been made. *Id.* at *8. The claims here are distinguishable. There is no dispute that Dorcey said she could not inspect the bathrooms until they were cleaned, and there is no dispute that she said USLI would contact Plaintiff regarding the final status of his insurance claim. Whether the property was in a condition that warranted her decision not to inspect it cannot be resolved in a summary manner.

Finally, even if SGD's motion for summary judgment had been granted, that would not establish that SGD's joinder was fraudulent. "[T]he Supreme Court developed the 'voluntary-involuntary' rule which requires that a suit remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657 (9th Cir. 1978). "[W]hether such a case nonremovable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, *in invitum,* order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion." *People of State of Cal. ex rel. Lungren v. Keating*, 986 F.2d 346, 348 (9th Cir. 1993) (quoting *Great Northern Ry. v. Alexander*, 246 U.S. 276, 282 (1918).

    2.    <u>Whether USLI's Removal Was Timely</u>

Even if SGD had been fraudulently joined, USLI's removal was not timely. For that removal to be timely, USLI would have to demonstrate that it could not be ascertained that this case was removable prior to July 13, 2022, and that Plaintiff acted in bad faith to prevent removal. USLI has not made an adequate showing on these issues.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-05738 JAK (MRW) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Brian Kennedy v. United States Liability Insurance Company, et al. | | |

        a)      Whether It Could Be Ascertained that This Case Could be Removed Prior to July 13, 2022

SGD's motion for summary judgment was filed prior to July 13, 2022. Although Plaintiff's opposition was filed subsequently, USLI must show that it could not have ascertained the facts necessary to establish that this action could be removed based on SGD's motion for summary judgment or from any previous document filed in the state-court action.

"[N]otice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). That assessment proceeds in the following manner:

> [T]he first thirty-day requirement is triggered by defendant's receipt of an "initial pleading" that reveals a basis for removal. If no ground for removal is evident in that pleading, the case is "not removable" at that stage. In such case, the notice of removal may be filed within thirty days after the defendant receives "an amended pleading, motion, order or other paper" from which it can be ascertained from the face of the document that removal is proper.

*Id.*

This test is an objective one. It does not inquire as to a defendant's subjective awareness of the merits of the plaintiff's claims:

> The jurisdictional and procedural interests served by a bright-line approach are obvious. First and foremost, objective analysis of the pleadings brings certainty and predictability to the process and avoids gamesmanship in pleading. Just as important, an objective baseline rule avoids the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient "clue," whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry.

*Id.* at 697.

Further, "[i]t is settled that the thirty day notice period for removability is triggered by the disclosure of facts on which a summary judgment motion is predicated, not the ruling granting the motion." *de Delgado v. Bridgestone/Firestone N. Am. Tire, LLC*, No. CV09-4607-ODW (VBKX), 2010 WL 11519417, at *2 (C.D. Cal. Apr. 1, 2010). Indeed, "while *Harris* holds that notice of removability must come from the four corners of a paper in the case, it does not relieve the defendant of its burden to establish jurisdiction by a preponderance of the evidence." *Ezaki v. United Parcel Serv., Inc.*, No. CV0808087DDPRZX, 2009 WL 10671389, at *5 (C.D. Cal. Mar. 9, 2009). "Nor does *Harris* hold that the paper establishing notice of removability must be sufficient to satisfy a defendant's burden to prove jurisdiction." *Id.*

Applying these standards, Plaintiff's contention that the 30-day notice period began at the beginning of the lawsuit is unpersuasive. Plaintiff argues that SGD's knowledge should be imputed to USLI dating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-05738 JAK (MRW) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Brian Kennedy v. United States Liability Insurance Company, et al. | | |

back to the beginning of the lawsuit. SGD was the agent of USLI in this matter, and the two parties have the same counsel. Further, the internal e-mail referenced by Plaintiff was between USLI and SGD. USLI also received reports from SGD about the condition of the property. It is undisputed that USLI knew that SGD performed a second inspection, and that USLI made a second payment to Plaintiff, after USLI received SGD's report. USLI also took the depositions of witnesses whose testimony it cites more than 30 days prior to the notice of removal. However, all of these facts bear on USLI's subjective awareness of the merits of Plaintiff's claims. They do not address whether the Complaint disclosed the facts that, according to USLI, show that SGD was fraudulently joined.

The filing of SGD's motion for summary judgment warrants a different outcome. It was filed by the same counsel who represents USLI. It provided more than sufficient notice of the facts it now contends show fraudulent joinder. SGD moved for summary judgment and argued that Plaintiff's negligent-misrepresentation claim is not viable for the same reasons that USLI now advances.

USLI argues that it could not ascertain that SGD was a sham defendant until Plaintiff filed his opposition to SGD's motion for summary judgment in which no adequate evidence was presented to support the operative claims against SGD. USLI argues that, in order to make a reasonable and objective assessment of removability, it had to assess the opposition by Plaintiff so that SGD could act in good faith in asserting that SGD was a sham defendant. This argument is unpersuasive. SGD advanced evidence in support of its motion for summary judgment, and presumably did so in good faith. This constitutes a reasonable basis to conclude that the 30-day "clock" began running no later than when the motion was filed. Consistent with this conclusion is that USLI's fraudulent joinder argument does not rely on any facts that were first disclosed in Plaintiff's opposition to the motion for summary judgment. Further, if USLI's position that it had to hear "both sides of the story" were adopted, no complaint would start the 30-day removal clock because it would only present the allegations by the plaintiff.

USLI also argues that a diverse defendant may remove an action after the non-diverse defendant has prevailed on a motion for summary judgment:

> A successful claim of fraudulent joinder overcomes the effect of the voluntary/involuntary rule. For purposes of establishing federal jurisdiction, a fraudulently joined defendant is completely disregarded. Removal is permitted under 28 U.S.C. § 1446 if Defendant can show that the non-diverse Defendant . . . was fraudulently joined, regardless of whether the dismissal was voluntary or involuntary.

*Roquemore Est. of Donald v. E.R. Express*, No. 08-12025, 2008 WL 11355087, at *2 (E.D. Mich. Aug. 5, 2008) (internal citations omitted). For the reasons stated above, there has not been a showing of fraudulent joinder. Further, *Roquemore* did not hold that granting the motion for summary judgment resets the 30-day notice clock. Instead, it held that an involuntary dismissal would not preclude removal where there was an adequate showing of fraudulent joinder and timely removal.

        b)     Bad Faith

Defendant has not made a sufficient showing of bad-faith conduct by Plaintiff.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV22-05738 JAK (MRW) | Date | January 12, 2023 |
|---|---|---|---|
| Title | Brian Kennedy v. United States Liability Insurance Company, et al. | | |

"A court's assessment of bad faith 'necessarily involves looking into the plaintiff's subjective intent, as the text of section 1446(c)(1) 'strongly suggest[s] intentionality and purpose.' ' " *Anders v. Hohm Tech, Inc.*, No. 5:22-CV-00979-SPG-KK, 2022 WL 3573140, at *4 (C.D. Cal. Aug. 19, 2022) (quoting *Kalfsbeek Charter v. FCA US, LLC*, 540 F. Supp. 3d 939, 943 (C.D. Cal. 2021)). Nevertheless, "[s]ince it would be extraordinary for a party directly to admit a 'bad faith' intention, his motive must of necessity be ascertained from circumstantial evidence." *Id.* (quoting *Forth v. Diversey Corp.*, No. 13-CV-808-A, 2013 WL 6096528 (W.D.N.Y. Nov. 20, 2013).

Good faith may be presumed where the plaintiff has actively litigated against the defendant whose presence would preclude diversity jurisdiction. *See, e.g.*, *Ramirez v. Samsung Elecs. Am., Inc.*, No. CV195305FMORAOX, 2019 WL 4033935, at *3 (C.D. Cal. Aug. 26, 2019) ("good faith is presumed" where plaintiff has "actively litigated against" the non-diverse party). The record here shows that Plaintiff will continue to seek to pursue claims against SGD. Plaintiff opposed SGD's motion for summary judgment, and the parties were provided with an opportunity to provide supplemental briefing following the hearing on the motion.[1]

"When assessing whether a plaintiff has acted in 'bad faith' to prevent removal, district courts generally consider the following factors: '(1) the timing of the naming and dismissal of the non-diverse defendant, (2) the explanation given for dismissal, and (3) whether the plaintiff actively litigated the case in 'any capacity' against the non-diverse defendant' before dismissal. *Anders*, 2022 WL 3573140, at *4 (quoting *Anderson v. FCA US LLC*, Case No. CV 21-3125 PSG (JPRx), 2021 WL 2822398, at *3 (C.D. Cal. July 6, 2021)). These factors weigh against a finding of bad faith. As noted, Plaintiff has litigated actively as to SGD, including by opposition its Motion for Summary Judgment. Further, SGD has been a party since this action was filed.

"In other circumstances, the Ninth Circuit has said that '[a] finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.'" *In re Bos. Sci. Corp.*, No. CV 15-6666 PA (PLAX), 2015 WL 5822582, at *4 (C.D. Cal. Sept. 29, 2015). (quoting *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997)). "A party also demonstrates bad faith by 'delaying or disrupting the litigation or hampering enforcement of a court order.' " *Id.* (quoting same).

USLI argues that Plaintiff engaged in bad faith because its negligent misrepresentation claim has always been without a factual basis. It also contends that Plaintiff prevented USLI from gathering certain evidence to confirm this by abusing the discovery process. USLI identifies what it contends are two findings of bad faith in the Superior Court proceedings. It was determined that Plaintiff had not met and conferred in good faith with USLI in connection with USLI's request for an informal discovery conference. Although this could be deemed an effort to delay discovery, standing alone it is not sufficient to show sufficient bad faith as to the lack of merit of Plaintiff's claim. Similarly, although the Superior Court determined that the objections by Plaintiff and Berardi to Defendant's discovery requests lacked merit, it did not find that Berardi actually had responsive documents that were withheld. Nor did the Superior Court grant USLI's request for sanctions with respect to this discovery dispute.

---

[1] Plaintiff also argues that he intended to proceed against SGD because he rejected an offer of judgment made by SGD. In light of the foregoing analysis, it is not necessary to consider this evidence, which may be precluded by Fed. R. Evid. 408.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-05738 JAK (MRW) | Date | January 12, 2023 |
| Title | Brian Kennedy v. United States Liability Insurance Company, et al. | | |

USLI argues that Plaintiff engaged in bad faith by failing to produce certain documents that were the subject of the parties' various discovery disputes. Some of the discovery disputes involved the allegation that Plaintiff was not paid for the costs of debris removal. However, the information that USLI identifies from the Plaintiff's opposition to SGD's Motion for Summary Judgment was not the subject of these discovery disputes. As a result, there is not a sufficient showing of relevant, bad-faith conduct. Nor can USLI show that the purpose of any alleged, bad-faith conduct was to prevent removal.

As to USLI's argument that Plaintiff's counsel improperly instructed Berardi not to answer questions at his deposition, even if some were related to the claim against SGD, the objections were overruled and the questions answered in March 2022. This was not within 30 days of the notice of removal, nor has there been any showing that the resulting information was necessary to show that the claims against SGD lack any merit.

        3.     <u>Whether Kennedy Should Be Awarded Fees and Costs</u>

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). It appears that Plaintiff is no longer seeking such an award. He stated that he would address this issue after USLI's Opposition was filed. Dkt. 13 at 32. The Reply did not renew the issue. *See generally* Dkt. 16.

Further, even if the request has not been waived, there is not a sufficient basis for an award. The Supreme Court has rejected the contention "that attorney's fees should be awarded automatically on remand, or that there should at least be a strong presumption in favor of awarding fees." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Likewise, the Supreme Court saw "nothing to persuade [it] that fees under § 1447(c) should either usually be granted or usually be denied." *Id.* at 139. Therefore, "the standard for awarding fees should turn on the reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* The matters addressed in this Order confirm that Defendants had an objectively reasonable basis for seeking removal.

**IV.**     <u>Conclusion</u>

For the reasons stated in this Order, the Motion is **GRANTED**. The action is remanded to the Los Angeles Superior Court at the Stanley Mosk Courthouse, Case No. 20STCV28704. Plaintiff's prior request for an award of attorney's fees and costs is **DENIED**.

**IT IS SO ORDERED.**

                                                                         :

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV22-05738 JAK (MRW) | Date | January 12, 2023 |
| Title | Brian Kennedy v. United States Liability Insurance Company, et al. | | |

| | |
|---|---|
| Initials of Preparer | tj |